

FILED by _____ D.C.
MAR 26 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. **09-20779**

UNITED STATES OF AMERICA,

Plaintiff,

v.

NORMAN MALINSKI,
ELLEN GOLD a/k/a
ELLEN MALINSKI a/k/a
ELLEN MALINSKI GOLD,
MICHAEL S. PUDER,
25 BAY TOWER ASSOCIATION, INC.,
AMTRUST BANK, and
BANKATLANTIC,

Defendants,

**CIV-MOORE**

**MAGISTRATE JUDGE SIMONTON**

## COMPLAINT

The United States of America, by and through its attorney, R. Alexander Acosta, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America to reduce to judgment unpaid federal tax liabilities of Norman Malinski and Ellen Gold jointly, and Norman Malinski individually, and to foreclose the federal tax liens securing those unpaid tax liabilities on real property belonging to those defendants.

4088275.1

2. This action has been authorized and requested by a duly designated delegate of the Secretary of the Treasury of the United States, and is being commenced at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. §§ 7401 and 7403.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402.

4. Venue is appropriate in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391 and 1396.

5. The real property upon which the United States seeks to foreclose its liens is located at 175 SE 25th Road, Unit B4, Miami, Florida ("Parcel One"), and 6676 Windsor Lane, Miami Beach, Florida ("Parcel Two"), and legally described as follows:

 (a) Parcel One: The property is further described as Condominium Unit B-4 of 25 Bay Tower, a condominium according to and as more particularly described in the Declaration of Condominium thereof, recorded in Official Records Book 10307 at Page 909 of the Public Records of Dade County, Florida. Together with a percentage interest in the common elements declared in said Declaration of Condominium to be an appurtenance to said above described condominium unit, and additional parking space No. 81.

 (b) Parcel Two: The property is further described as Lot 12, Block 9, "Subdivision of Block 2 and 9, La Gorce Island", according to the plat thereof, as recorded in plat book 40, at page 64, of the public records of Dade County, Florida.

6. Defendant Norman Malinski resides in Miami Beach, Dade County, Florida, within the jurisdiction of this Court.

7. Defendant Ellen Gold resides in Miami Beach, Dade County, Florida, within the jurisdiction of this Court.

8. Defendant Michael S. Puder may claim an interest in Parcel One, through, but not limited to, a mortgage dated November 26, 2001 and recorded in Miami-Dade County on

November 4, 2003. He is subject to the jurisdiction of this Court pursuant to Fla. Stat. Ann. § 48.193(1)(c), and joined as a party pursuant to 26 U.S.C. § 7403(b).

9. Defendant 25 Bay Tower Association, Inc. may claim an interest in Parcel One, through, but not limited to, a Claim of Lien for Condominium Assessments dated June 2, 1983 and recorded in Miami-Dade County on June 9, 1983. Defendant 25 Bay Tower Association, Inc. conducts business in the State of Florida, is subject to the jurisdiction of this Court, and is joined as a party pursuant to 26 U.S.C. § 7403(b).

10. Defendant Amtrust Bank may claim an interest in Parcel Two, through, but not limited to, a mortgage dated December 31, 1991 and recorded in Miami-Dade County on January 27, 1992. Defendant Amtrust Bank conducts business in the State of Florida, is subject to the jurisdiction of this Court, and is joined as a party pursuant to 26 U.S.C. § 7403(b).

11. Defendant BankAtlantic may claim an interest in Parcel Two, , but not limited to, a mortgage dated December 12, 1997 and recorded in Miami-Dade County on January 20, 1998. Defendant BankAtlantic conducts business in the State of Florida, is subject to the jurisdiction of this Court, and is joined as a party pursuant to 26 U.S.C. § 7403(b).

<u>Count One: To Reduce Joint Tax Liabilities to Judgment</u>

12. The United States incorporates by reference the allegations contained in paragraphs 1 through 11 of this Complaint as if fully and separately restated herein.

13. On the dates and in the amounts indicated below, a delegate of the Secretary of the Treasury made assessments against Norman Malinski and Ellen Gold for federal income taxes for the following years:

| Tax Year | Assessment Date | Tax Assessed |
|---|---|---|
| 1996 | 03/09/1998 | $79,178.00 |
| 1998 | 1/03/2000 | $76,977.00 |
| 1999 | 11/12/2001 | $160,569.00 |
| 2000 | 11/26/2001 | $37,378.00 |
| 2001 | 7/15/2002 | $26,456.00 |
| 2002 | 11/24/2003 | $27,133.00 |
| 2004 | 4/10/2006 | $79,247.00 |
| 2005 | 11/20/2006 | $67,212.00 |

14. In addition to the tax assessments set forth in Paragraph 13, above, a delegate of the Secretary of the Treasury has assessed penalties against Norman Malinski relating to these tax years in the amounts and on the dates set forth below:

| Tax Year | Assessment Date | Penalties Assessed |
|---|---|---|
| 1996 | 03/09/1998<br>03/09/1998<br>03/09/1998<br>11/03/2008 | $3,319.59 (Estimated tax penalty)<br>$6,615.36 (Late Filing Penalty)<br>$4,042.72 (Failure to pay tax penalty)<br>$14,246.73 (Failure to pay tax penalty) |
| 1998 | 1/03/2000<br>1/03/2000<br>1/03/2000<br>11/03/2008 | $1,474.00 (Estimated tax penalty)<br>$6,477.93 (Late Filing Penalty)<br>$3,238.96 (Failure to pay tax penalty)<br>$14,755.29 (Failure to pay tax penalty) |
| 1999 | 11/12/2001<br>11/12/2001<br>11/12/2001<br>11/03/2008 | $4,046.00 (Estimated tax penalty)<br>$35,003.02 (Late Filing Penalty)<br>$14,779.05 (Failure to pay tax penalty)<br>$24,113.20 (Failure to pay tax penalty) |
| 2000 | 11/26/2001<br>11/26/2001 | $1,712.00 (Estimated tax penalty)<br>$1,295.12 (Failure to pay tax penalty) |

| Tax Year | Assessment Date | Penalties Assessed |
|---|---|---|
| 2001 | 7/15/2002<br>7/15/2002<br>11/05/2007 | $1,020.00 (Estimated tax penalty)<br>$387.84 (Failure to pay tax penalty)<br>$6,226.16 (Failure to pay tax penalty) |
| 2002 | 11/24/2003<br>11/24/2003 | $907.00 (Estimated tax penalty)<br>$1,085.32 (Failure to pay tax penalty) |
| 2004 | 3/06/2006 | $709.00 (Estimated tax penalty) |
| 2005 | 11/20/2006<br>11/20/2006 | $2,448.64 (Estimated tax penalty)<br>$2,513.48 (Failure to pay tax penalty) |

15. In addition to the tax assessments set forth in Paragraph 13, above, a delegate of the Secretary of the Treasury has assessed penalties against Ellen Gold relating to these tax years in the amounts and on the dates set forth below:

| Tax Year | Assessment Date | Penalties Assessed |
|---|---|---|
| 1996 | 03/09/1998<br>03/09/1998<br>03/09/1998<br>9/29/2008 | $3,319.59 (Estimated tax penalty)<br>$6,615.36 (Late Filing Penalty)<br>$4,042.72 (Failure to pay tax penalty)<br>$14,246.73 (Failure to pay tax penalty) |
| 1998 | 1/03/2000<br>1/03/2000<br>1/03/2000<br>9/29/2008 | $1,474.00 (Estimated tax penalty)<br>$6,477.93 (Late Filing Penalty)<br>$3,238.96 (Failure to pay tax penalty)<br>$14,755.29 (Failure to pay tax penalty) |
| 1999 | 11/12/2001<br>11/12/2001<br>11/12/2001<br>9/29/2008 | $4,046.00 (Estimated tax penalty)<br>$35,003.02 (Late Filing Penalty)<br>$14,779.05 (Failure to pay tax penalty)<br>$24,113.20 (Failure to pay tax penalty) |
| 2000 | 11/26/2001<br>11/26/2001<br>9/29/2008 | $1,712.00 (Estimated tax penalty)<br>$1,295.12 (Failure to pay tax penalty)<br>$6,673.38 (Failure to pay tax penalty) |
| 2001 | 7/15/2002<br>7/15/2002<br>11/05/2007 | $1,020.00 (Estimated tax penalty)<br>$387.84 (Failure to pay tax penalty)<br>$6,226.16 (Failure to pay tax penalty) |

4088275.1                                      5

| 2002 | 11/24/2003<br>11/24/2003<br>9/29/2008 | $907.00 (Estimated tax penalty)<br>$1,085.32 (Failure to pay tax penalty)<br>$5,697.92 (Failure to pay tax penalty) |
|---|---|---|
| 2004 | 3/06/2006 | $709.00 (Estimated tax penalty) |
| 2005 | 11/20/2006<br>11/20/2006 | $2,448.64 (Estimated tax penalty)<br>$2,513.48 (Failure to pay tax penalty) |

16. The tax assessments described in paragraph 13, above, and the additions thereto described in paragraphs 14 and 15, above, were based upon the tax liabilities reported on joint federal income tax returns filed by Defendants Norman Malinski and Ellen Gold. Notices of the assessments and demands for payment were duly made on those defendants.

17. Despite notice of the assessments and demand for payment, Norman Malinski and Ellen Gold have refused to pay the full amount of the liabilities, described in Paragraphs 13 through 15, above, and there remains due and owing on said liabilities, including tax, assessed penalties, accrued penalties, interest and all other statutory additions thereon, a total of $957,663.04 as of April 26, 2009.

18. Section 6502(a) of the Internal Revenue Code generally provides for a 10 year limitations period to collect a tax assessment unless a timely proceeding to collect the tax is filed in court. In this regard, this action is timely with respect to Defendants' unpaid assessment for 1996 because the statute of limitations on collection was tolled by offers in compromise Defendants submitted to the Internal Revenue Service. Those offers in compromise tolled the collection period under § 6502(a) from March 15, 2002 through June 7, 2002, November 29, 2002 through May 8, 2003, and February 4, 2004 through June 22, 2004.

### Count Two: To Reduce Norman Malinski's Individual Tax Liabilities to Judgment

19.  The United States incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint as if fully and separately restated herein.

20.  On the dates indicated below, a delegate of the Secretary of the Treasury made assessments against Norman Malinski for federal income taxes as follows:

| Tax Year | Assessment Date | Tax Assessed |
|---|---|---|
| 2006 | 11/26/2007 | $136,075.00 |
| 2007 | 12/15/2008 | $113,725.00 |

21.  In addition to the tax assessments set forth in Paragraph 20, above, a delegate of the Secretary of the Treasury assessed penalties against Norman Malinski relating to these tax years in the amounts and on the dates set forth below:

| Tax Year | Assessment Date | Penalties Assessed |
|---|---|---|
| 2006 | 11/26/2007<br>11/26/2007 | $2,802.00 (Estimated tax penalty)<br>$4,615.28 (Failure to pay tax penalty) |
| 2007 | 12/15/2008<br>12/15/2008 | $3,962.00 (Estimated tax penalty)<br>$3,589.00 (Failure to pay tax penalty) |

22.  The tax assessments described in paragraph 20, above, and the additions thereto described in paragraph 21, above, were based upon the tax liabilities reported on federal income tax returns Norman Malinski filed as a married individual filing separately. Notices of the assessments and demands for payment were duly made on Defendant Malinski.

23.  Despite notice of the assessments and demand for payment, Norman Malinski has refused to pay the full amount of the liabilities, described in Paragraphs 20 and 21, above, and there remains due and owing on said liabilities, including tax, assessed penalties, accrued

penalties, interest and all other statutory additions thereon, a total of $263,723.90 as of April 26, 2009.

### Count Three: To Foreclose on the Subject Properties

24. The United States incorporates by reference the allegations contained in paragraphs 1 through 23 of this Complaint as if fully and separately restated herein.

25. On or about April 20, 1979, Norman Malinski purchased and took title to Parcel One. He has continuously owned that property since that time.

26. On or about November 27, 1990, Norman Malinski and Ellen Gold purchased and took title to Parcel Two. They have continuously owned that property since that time.

27. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for the unpaid federal tax liabilities set forth in Paragraphs 13, 14, 15, 17 and 18, above, including tax, assessed penalties, accrued penalties, interest and all other statutory additions thereon, have arisen in favor of the United States on all property and continue to encumber property and all rights to property of Norman Malinski, including Parcel One and Parcel Two.

28. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for the unpaid federal tax liabilities set forth in Paragraphs 13, 14, and 15, above, including tax, assessed penalties, accrued penalties, interest and all other statutory additions thereon, have arisen in favor of the United States on all property and continue to encumber property and all rights to property of Ellen Gold, including Parcel Two.

29. On June 25, 2003, a Notice of Federal Tax Lien was recorded in the public records of Miami-Dade County, Florida, concerning the federal income tax liabilities of Norman Malinski and Ellen Gold for tax year 2001.

30. On October 8, 2003, a Notice of Federal Tax Lien was recorded in the public records of Miami-Dade County, Florida, concerning the federal income tax liabilities of Norman Malinski and Ellen Gold for tax years 1996, 1998, 1999, 2000, and 2001.

31. On August 4, 2005, a Notice of Federal Tax Lien was recorded in the public records of Miami-Dade County, Florida, concerning the federal income tax liabilities of Norman Malinski and Ellen Gold for tax year 2002.

32. On July 7, 2006, a Notice of Federal Tax Lien was recorded in the public records of Miami-Dade County, Florida, concerning the federal income tax liabilities of Norman Malinski and Ellen Gold for tax year 2004.

33. On March 1, 2007, a Notice of Federal Tax Lien was recorded in the public records of Miami-Dade County, Florida, concerning the federal income tax liabilities of Norman Malinski and Ellen Gold for tax year 2005.

34. On April 16, 2008, a Notice of Federal Tax Lien was recorded in the public records of Miami-Dade County, Florida, concerning the federal income tax liabilities of Norman Malinski for tax year 2006.

35. On January 21, 2009, a Notice of Federal Tax Lien was recorded in the public records of Miami-Dade County, Florida, concerning the federal income tax liabilities of Norman Malinski for tax year 2007.

36. On January 23, 2009, a Revocation of Certificate of Release of Federal Tax Lien was recorded in the public records of Miami-Dade County, Florida, concerning the federal income tax liabilities of Norman Malinski and Ellen B. Gold for tax year 1996.

37. On January 23, 2009, a re-filed Notice of Federal Tax Lien was recorded in the public records of Miami-Dade County, Florida, concerning the federal income tax liabilities of Norman Malinski for tax year 2007

38. The United States is entitled to foreclose its federal tax liens against Norman Malinski on Parcel One, to sell said property, and to apply the proceeds of that sale to satisfy, in whole or in part, all of the outstanding federal tax liabilities of Norman Malinski.

39. The United States is entitled to foreclose its federal tax liens against Norman Malinski and Ellen Gold on Parcel Two, to sell said property, and to apply the proceeds of that sale to satisfy, in whole or in part, the outstanding federal tax liabilities of Norman Malinski and Ellen Gold jointly, or Norman Malinski individually.

WHEREFORE, the plaintiff, United States of America, prays for the following relief:

A. That this Court determine that Norman Malinski and Ellen Gold are jointly indebted to the United States for unpaid income tax liabilities for tax years 1996, 1998, 1999, 2000, 2001, 2002, 2004, 2005, including penalties, interest and all other statutory additions thereon, in the total amount of $957,663.04 as of April 26, 2009, plus fees, interest, and all statutory additions thereafter as provided by law, and that judgment in that amount be entered in favor of the United States and against Norman Malinski and Ellen Gold.

B. That this Court determine that Norman Malinski is also indebted to the United States for unpaid income tax liabilities for tax years 2006 and 2007, including penalties, interest and all other statutory additions thereon, in the total amount of $263,723.90 as of April 26, 2009, plus fees, interest, and all statutory additions thereafter as provided by law, and that judgment in that amount be entered in favor of the United States and against Norman Malinski.

C. That this Court determine that the federal tax liens of the United States of America attach to the real properties described in Paragraph 5 above.

D. That this Court determine the respective ownership interests of Norman Malinski and any other parties that may claim an interest in Parcel One.

E. That this Court determine the respective ownership interests of Norman Malinski and Ellen Gold and any other parties that may claim an interest in Parcel Two.

F. That this Court determine the priority of all claims to and liens upon the real properties described in Paragraph 5 above.

G. That this Court adjudge and decree that the tax liens of the United States be foreclosed on Parcel One and that the real property be sold free and clear of the liens and claims of all parties and that the proceeds of sale be distributed in accordance with the priorities determined by the Court, with any proceeds to the United States to be applied against the judgment entered against Norman Malinski.

H. That this Court adjudge and decree that the tax liens of the United States be foreclosed on Parcel Two and that the real property be sold free and clear of the liens and claims of all parties and that the proceeds of sale be distributed in accordance with the priorities determined by the Court, with any proceeds to the United States to be applied against the judgment entered against Norman Malinski and Ellen Gold jointly, or Norman Malinski individually.

I. That the United States of America be granted its costs incurred in this action and that this Court grant such other relief as justice requires.

R. ALEXANDER ACOSTA
United States Attorney

PATRICK J. HANNON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-7921
Facsimile: (202) 514-9868
Patrick.J.Hannon@usdoj.gov

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patrick J. Hannon, U.S. Dept. of Justice, P.O. Box 14198, Washington, D.C. 20044, (202) 305-7921

## DEFENDANTS
Malinski, Norman; Gold, Ellen; Puder, Michael, S.; 25 Bay Tower Assoc. Inc.; Amtrust Bank; BankAtlantic

County of Residence of First Listed Defendant  Miami-Dade

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

FILED by ___ D.C.
MAR 26 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

Dade 09CV 20779 - Moore/Simonton

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. Sections 7401, 7402, and 7403. Suit to reduce tax liabilities to judgment and foreclose liens.

LENGTH OF TRIAL via  2  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 1,221,386.94
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 3/25/09

FOR OFFICE USE ONLY
AMOUNT  waived   RECEIPT # ____   IFP ____